DECISION AND JUDGMENT ENTRY
This appeal is from the September 7, 2000 judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which was intended to be the final entry in this divorce action.
We begin by sua sponte addressing the issue of this court's jurisdiction to address this appeal. The trial court awarded appellant, Phyllis A. Marx, one-half of the Police and Firemen's Pension monthly benefit of appellee, Arthur N. Marx. However, the court found that determining the current value of the pension would be based on "very speculative" valuations. Since this case involved a public pension, the court was limited in its options regarding division of the pension assets under the circumstances. Erb v. Erb (2001), 91 Ohio St.3d 503, 509-510, reconsideration denied (2001), 92 Ohio St.3d 1451. Since it could not utilize an ERISA QDRO, it retained jurisdiction over the pension issue to determine the value of the benefit at the actual time of retirement.
The judgment entry disposes of fewer than all of the issues in this divorce, namely, appellant's claim to a portion of her husband's pension benefit has not been fully disposed of since the court retained jurisdiction to determine the value of this marital asset. Therefore, the entire judgment entry is not final pursuant to Civ.R. 54(B), which states:
 "Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)
If the trial court judge in this case had made a Civ.R. 54(B) determination that there is no just reason for delay, then, but for Civ.R. 75(F), all orders in the September 7, 2000 judgment concerning issues other than the pension issue would have been final and reviewable by this court. However, Civ.R. 75(F) places a restriction on the use of Civ.R. 54(B) in divorce, annulment, and legal separation actions. That rule states, in pertinent part:
 "Rule 75 Divorce, annulment, and legal separation actions
"(A) * * *
 "(F) Judgment. * * * For purposes of Civ.R. 54(B), the court shall not enter final judgment as to a claim for divorce, dissolution of marriage, annulment, or legal separation unless one of the following applies:
 "(1) The judgment also divides the property of the parties, determines the appropriateness of an order of spousal support, and, where applicable, either allocates parental rights and responsibilities, including payment of child support, between the parties or orders shared parenting of minor children[.]" (Emphasis added.)
The staff note accompanying the enactment of the 1998 amendment of this rule states:
 "Division (F) was amended to require that the final judgment in a domestic relations case include all
relevant claims except the domestic violence protection order; divorce, property settlement, and parental rights and responsibilities. * * *" (Emphasis added.)
Thus, a trial court judge may not use Civ.R. 54(B) to make some portions of a divorce judgment entry final if that judgment entry does not "divide the property of the parties." We hold that if, in a divorce judgment entry, a trial court judge retains jurisdiction over any portion of the division of marital property, that judgment does not "divide the property" for purposes of Civ.R. 75(F)(1). Therefore, under Civ.R. 75(F), a determination by the trial court judge in the present case that there is no just reason for delay pursuant to Civ.R. 54(B) would not be effective to make any portion of the September 20, 2000 judgment final and appealable.
We note that this view is not universally held by the appellate courts in Ohio. In Bakota v. Bakota (May 23, 2001), Summit App. No. 99 06 1301, unreported, Mrs. Bakota's State Teacher's Retirement System ("STRS") pension was divided awarding Mr. Bakota forty-one percent and Mrs. Bakota fifty-nine percent. The trial court ordered Mrs. Bakota to purchase a $75,000 life insurance policy to protect Mr. Bakota's interest in her retirement and retained jurisdiction to "interpret, modify, amend or enforce the division of [the] STRS pension benefits and insurance order." Mr. Bakota appealed, asserting that the trial court erred in failing to ascertain the present value of Mrs. Bakota's pension. The issue of whether this was a final appealable order was not addressed by the court of appeals. In its decision on the merits, the appellate court stated:
 "* * * John argues that the trial court abused its discretion by failing to determine the present day value of Lori's STRS pension in its division of the marital property and by failing to disentangle the parties. This Court disagrees.
"* * *
 "Pension benefits accumulated during the marriage are assets subject to property division in a divorce action. * * * However, government retirement systems, such as the STRS, are not subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), * * *. The terms and conditions of the STRS do not recognize a qualified domestic relations order ("QDRO") to divide the retirement fund. * * * Sprankle v. Sprankle (1993), 87 Ohio App.3d 129, 133, 621 N.E.2d 1310. As such, a trial court's options in dividing unvested or unmatured public pension benefits are limited.
 "* * * When dealing with unmatured benefits which are not subject to a QDRO, the only means to disentangle the parties financially is 1) to order a distributive award from current income or separate property, or 2) to offset the pension benefits with other marital assets.
 "In the present case, the trial court did not determine a present day valuation of Lori's STRS pension. At the divorce hearing, the experts were unable to agree on a valuation. Lori's expert stated the value at $131,559 and John's expert stated the value at $295,640. Given the disparity of these two figures, the trial court could not determine an accurate valuation of her pension. Without a present day valuation of Lori's STRS pension the trial court was unable to disentangle the parties.
"* * *
 "This Court finds that the trial court's means of division was reasonable and equitable and does not demonstrate an abuse of discretion. While this alternative will not disentangle the parties financially and will require continued jurisdiction by the trial court, it is an acceptable alternative that falls within the guidelines established by the Supreme Court of Ohio. See Hoyt [v. Hoyt], 53 Ohio St. 3d at second paragraph of the syllabus * * *." (Emphasis added and footnotes omitted.)
In Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, the Ohio Supreme Court held that as an alternative to assigning a present value to a vested but unmatured retirement account, the trial court may issue a qualified domestic relations order under the Employee Retirement Income Security Act ("ERISA"). The Supreme Court held that by using a QDRO, the trial court, without retaining jurisdiction to modify the marital property division, which is prohibited by R.C. 3105.171(I), is able to protect the parties' rights to pension benefits and to "preserve the pension or retirement asset in order that each party can procure the most benefit."Hoyt at 179.
However, as noted by the court in Bakota, at the time of the divorce, STRS did not recognize QDROs[1]. The Bakota court's solution was to allow the trial court to fashion an equitable division of the STRS fund which by necessity required the trial court to retain jurisdiction to modify or amend the division of the STRS fund. This court agrees that this is a reasonable and equitable solution to the problem; unfortunately, it also is a solution that runs afoul of R.C. 3105.171(I), which states:
 "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court."
As stated above, the Bakota court did not expressly entertain the issue of the final appealability of the divorce order it was reviewing. However, it decided the case on the merits and therefore implicitly decided that the order was final and appealable.
 THE CONFLICT
In the case presently before us, we hold that but for Civ.R. 75(F), Civ.R. 54(B) would operate to make a divorce order which retains jurisdiction over any portion of the division of marital property interlocutory unless the court makes an express determination that there is no just reason for delay. This is in conflict with the Summit County Court of Appeals in Bakota. Accordingly, pursuant to Article IV, Section3(B)(4) of the Ohio Constitution and S.Ct.Prac.R. IV(2), we hereby certify to the Ohio Supreme Court the following questions as conflicts:
 1) Is a divorce decree that divides marital property but retains jurisdiction over any portion of the division of marital property an interlocutory order under Civ.R. 54(B)?
 2) May a trial court make such a divorce decree final and appealable by certifying that there is no just reason for delay or does Civ.R. 75(F)(1) prohibit that? Specifically, is the Civ.R. 75(F)(1) requirement that the court "divide the property of the parties" fulfilled if the court retains jurisdiction over any portion of the division of marital property?
The parties are directed to S.Ct.Prac.R. IV for guidance on how to proceed. Accordingly, this case is ordered dismissed at appellant's costs.
 APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., and Mark L. Pietrykowski, P.J., CONCUR.
[1] The 123rd General Assembly passed H.B. 535 which, effective January 1, 2002, amends R.C. Chapters 742 and 3105 so that pension funds such as the Police and Firemen's Pension Fund now allow for QDROs. Thus, upon regaining jurisdiction over this case which we are dismissing, the trial court is free to fashion a QDRO to dispose of the pension division problem and make this divorce final and appealable.